UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PAMELA RAMMAGE,**

      **Plaintiff,**

v.                                   Civil Action 2:23-cv-1701
                                       Judge James L. Graham
                                       Magistrate Judge Chelsey M. Vascura

**KROGER,**

      **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Pamela Rammage, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to assert any claim over which this Court has subject-matter jurisdiction.

### I.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on

which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of the claims she advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II. ANALYSIS

Plaintiff alleges that while she was employed by Defendant Kroger, she was treated differently by Kroger management. Namely, Kroger would permit other employees to act in ways in which Plaintiff was not permitted. Kroger further provided training to other employees that was not provided to Plaintiff. Plaintiff alleges that she "was not provided the same rules, service, support to become a successful manager." (Compl. 3, ECF No. 1-2.)

Plaintiff's allegations fail to provide a basis for a claim over which this Court has jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. For a federal court to have diversity jurisdiction pursuant to § 1332(a), complete diversity of citizenship must exist (which means that each plaintiff must be a citizen of a different state than each defendant) and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short plain statement of the grounds for jurisdiction." Fed. R. Civ. P. 8(a)(2). Thus, "a plaintiff seeking diversity jurisdiction [must] set forth the factual basis on which that jurisdiction is predicated." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Although this pleading standard does not require "detailed factual allegations," a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

In this case, Plaintiff's allegations of differential treatment by Kroger's management do not appear to implicate any federal law or the United States Constitution. Although differential treatment of employees may be actionable under federal statutes such as Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, or Americans with Disabilities Act, Plaintiff does not allege that she is a member of any class protected by these or other federal statutes. Nor has Plaintiff alleged that she engaged in any protected activity, such as opposing discrimination, whistleblowing, or speech protected by the First Amendment. Nor has she alleged that Kroger treated her differently on the basis of Plaintiff's membership in a protected class or participation in protected activity. Finally, Plaintiff has not alleged that she and Kroger are citizens of different states or that the amount in controversy exceeds $75,000. Thus, Plaintiff has failed to plausibly allege facts upon which the Court could rely to conclude that this Court has subject-matter jurisdiction over her claims.

### III. DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 1) is **GRANTED**. It is **RECOMMENDED** that the Court

**DISMISS** Plaintiff's Complaint pursuant to § 1915(e)(2) for failure to assert any claim over which this Court has subject-matter jurisdiction.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE